**STATEMENT OF FACTS**

On the evening of August 24, 2025, law enforcement officers from the United States Park Police (USPP), the United States Marshals Service (USMS), and the Federal Bureau of Investigation (FBI) were on patrol in the Seventh District of Washington, DC operating under the Federal Task Force.

At approximately 7:40 p.m., while driving in the vicinity of 17th Street SE and T Street SE, Washington, DC 20020, officers observed a gold Nissan Altima bearing Virginia (VA) temporary tag ID36091 with heavily tinted windows (the "VEHICLE"). According to a query of the National Crime Information Center (NCIC), VA tag ID36091 had been reported stolen. Officers observed the VEHICLE operating erratically, including running a red stoplight and driving across the center of the roadway towards oncoming traffic.

A USPP officer who was driving an unmarked USPP vehicle activated his lights and siren to initiate a traffic stop of the VEHICLE. Upon initiating the traffic stop, the VEHICLE accelerated, driving away from law enforcement while continuing to drive recklessly. The VEHICLE then turned into an alley in the 1200 Block of Pleasant Street SE, rounded a curve in the alley, and collided with an unmarked FBI vehicle that was driving with its lights and sirens activated as part of the Federal Task Force assisting with the traffic stop of the VEHICLE. Photos of the VEHICLE and unmarked FBI vehicle after the collision are below.

1

 

As officers approached the VEHICLE and issued commands to the driver, who was later identified as Lorenzo Greene ("GREENE"), GREENE exited the VEHICLE and attempted to flee on foot. GREENE was the sole occupant of the VEHICLE. GREENE did not follow verbal commands issued by officers, and a physical struggle ensued between GREENE and officers as they attempted to apprehend the driver. During the struggle, one of the officers observed a black handgun protruding from the driver's waistband and recovered it. The firearm was a Taurus G3C handgun, 9mm caliber, containing 18 rounds (17 rounds in a large capacity ammunition feeding device and 1 round in the chamber). The firearm was marked with serial number ACM685646, as well as an obliterated serial number. The firearm appeared to be fully functional and able to be fired with one hand; it had a barrel of less than twelve inches, and could fire a projectile by means of an explosive. There are no firearm or ammunition manufacturers in the District of Columbia. Accordingly, the firearm and ammunition in this case would have traveled in interstate commerce. Photos of the firearm are shown below.

 

After the arrest, the driver was identified as Lorenzo Greene. GREENE was convicted in 2022 (case no. U22020746) and 2023 (case no. U22029764) of two separate counts of carrying a pistol without a license (District of Columbia Code § 22–4504(a)), a crime punishable by imprisonment for a term exceeding one year.

Officers conducted an inventory search of the VEHICLE, which uncovered a backpack on the passenger seat. Items found inside the backpack included two clear plastic bags containing approximately 140.4 grams and 27.3 grams, respectively, of a green leafy substance that field tested positive for marijuana; an open 150-count box of plastic sandwich bags; a black digital scale with residue of a green leafy substance; and miscellaneous other drug packaging materials. The items recovered, along with the quantity of narcotics, were consistent with materials used to weigh and distribute narcotics. Officers found $369 in U.S. currency on GREENE's person during a search incident to arrest. Moreover, based on my training and experience, GREENE's ready access to the firearm in his waistband would have enabled him to protect his drugs, cash, and drug-selling paraphernalia. Photos of items recovered from the VEHICLE and GREENE's person are below.

3




According to the Virginia Department of Motor Vehicles, the VEHICLE, which bore vehicle identification number (VIN) ending in 9975, is not registered to GREENE.

For the reasons set forth above, I submit that probable cause exists to charge Lorenzo GREENE with violations of 18 U.S.C. § 924(c)(1)(a)(i) (Possession of a Firearm in Furtherance of a Crime), 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), and 21 U.S.C. § 841(a)(1) (Possession of a Controlled Substance with Intent to Distribute), which occurred on or about August 24, 2025, in the vicinity of the 2200 Block of Mount View Place, SE, Washington, DC.

Special Agent Sara Terry
Federal Bureau of Investigation

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 26, 2025.

_____
MATTHEW J. SHARBAUGH
UNITED STATES MAGISTRATE JUDGE